UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS ANTONIO GUAMAN CASTRO,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director,<br>MICHAEL KROL, HSI New England<br>Special Agent in Charge,<br>TODD LYONS, Acting Director U.S.<br>Immigrations and Customs enforcement,<br>ANTONE MONIZ, Superintendent,<br>Plymouth County Correctional Facility and<br>KRISTI NOEM, U.S. Secretary of<br>Homeland Security,<br><br>Respondents. | C.A. No.  1:25-CV-11625-RGS |

### RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

The Respondents,[1] by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. §2241 ("Petition").  The Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Rules Governing Section 2254

---

[1] Since Petitioner is now detained, the Petitioner's immediate custodian, Antone Moniz, Superintendent of Plymouth County Correctional Facility, should be substituted as the only named Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004): *Vasquez v. Reno,* 233 F.3d 688, 695 (1st Cir. 2000). Patricia Hyde should be dismissed as a Respondent, as the Court lacks jurisdiction over supervisory officials.  *See Vasquez*, 233 F.3d at 696 (explaining that supervisory officials are not proper respondents to habeas actions, holding that "as a general rule, the Attorney General is neither the custodian of such an alien in the requisite sense nor the proper respondent to a habeas petition.").

1

Cases in the United States District Courts.[2]

## INTRODUCTION

Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE") for purpose of effectuating his final order of removal is fully supported by the Immigration and Nationality Act ("INA"), its implementing regulations, and the Constitution. Additionally, this Court lacks jurisdiction to interfere with ICE's removal of Petitioner per 8 U.S.C. § 1252(g) which bars district court review of any "decision or action by [ICE] to … execute removal orders." *Compere v. Riordan,* 368 F. Supp. 3d 164, 171 (D. Mass. 2019) (Explaining that because petitioner is "subject to a final order of removal and he seeks to enjoin ICE from enforcing that order … [h]is claim for injunctive relief falls, therefore, directly within the jurisdictional bar set by Congress.").

Petitioner is subject to a final order of removal and is detained pursuant to 8 U.S.C. § 1231(a). *See* Declaration of Assistant Field Office Director, Keith Chan ("Chan Decl.") ¶ 14, attached as Exhibit A. Contrary to Petitioner's claims, ICE complied with its statutory and regulatory authority to arrest and detain him because ICE is prepared to effectuate his removal order. As such, his detention is authorized by statute, and he has no entitlement to release.

Petitioner's claim that his detention violates Due Process is also without merit. The Supreme Court set forth a framework for analyzing the Constitutionality of post-final order detention under Section 1231(a)(6) in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In *Zadvydas*, the Supreme Court explained that the "reasonableness" of continued detention under Section 1231(a)(6) should be measured "primarily in terms of the statute's basic purpose,

---

[2] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

2

namely, assuring the alien's presence at the moment of removal." 533 U.S. at 700. The Court held that post-final order detention under Section 1231 is presumptively reasonable for six months. *Id.* at 701. Petitioner's Due Process challenge to his detention fails because it is premature as he has only been detained for three weeks. *See Rodriguez-Guardado v. Smith,* 271 F. Supp. 3d 331, 335 (D. Mass. 2017) ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process.").

As such, this Court should not order his release, and his Petition must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

A. **Immigration History**

The Petitioner is a native and citizen of Ecuador. (Chan Decl. ¶ 7).

On April 9, 2011, U.S. Customs and Border Protection ("CBP") encountered the Petitioner at the southwest border of the United States after the Petitioner had entered through Naco, Arizona. (Chan Decl. ¶ 8). At that time, the Petitioner was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality. Id. He was not admitted or paroled after inspection by an immigration officer prior to his entry into the United States. *Id.*

CBP detained the Petitioner without a warrant. (Chan Decl. ¶ 9). Initially, CBP processed the Petitioner as an Expedited Removal under 8 U.S.C. § 1225(b)(1)(A)(iii). *Id.* CBP served a Form I-860, Notice and Order of Expedited Removal, alleging inadmissibility pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.*

Following a credible fear claim, United States Citizenship and Immigration Services ("USCIS") served a Form I-862, Notice to Appear, on June 1, 2011, alleging inadmissibility

pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).   (Chan Decl. ¶ 10).

The Petitioner entered removal proceedings in the immigration court. (Chan Decl. ¶ 11).

ICE subsequently detained the Petitioner based on his criminal activity in the United States, including charges in the Commonwealth of Massachusetts for Witness Intimidation, Assault and Battery, Resisting Arrest, Breaking and Entering, Leaving the Scene of Property Damage, Operating Under the Influence of Alcohol, and Reckless Endangerment of a Child. (Chan Decl. ¶ 12).

On August 30, 2021, ICE released the Petitioner on parole.   (Chan Decl. ¶ 13).

On September 27, 2021, an immigration judge ordered the Petitioner removed from the United States to Ecuador but granted the Petitioner's application for withholding of removal under the Immigration and Nationality Act.   (Chan Decl. ¶ 14).[3]

Subsequent to the Immigration Court's September 27, 2021, decision, ICE became aware of the Petitioner's additional criminal activity which included the following:

   a. On or about October 7, 2022, the Petitioner was convicted in the Milford District Court in Milford, Massachusetts of Operating Under the Influence, Second Offense, as well as Leaving the Scene of Property Damage.

   b. On or about March 3, 2022, the Petitioner was arraigned in the Framingham District Court in Framingham, Massachusetts for the offense of Operating After Suspension.

   c. On or about February 10, 2023, the Petitioner was arraigned in the Milford District Court in Milford, Massachusetts for the offense of Assault and Battery on a Family or Household Member. It was alleged that the Petitioner struck his wife several times in the face. Responding officers observed streaks of blood across her face along with blood splattered on the kitchen, bathroom, and rear exit of their residence. This charge was later dismissed.

(Chan Decl. ¶ 15).

---

[3] A grant of withholding only precludes ICE from removing the alien to the country where he faces persecution and does not prevent the alien's removal to a third country.   See 8 C.F.R. § 1208.16(f).

4

On May 26, 2025, ICE arrested the Petitioner without a warrant. (Chan Decl. ¶ 16). The Petitioner attempted to flee as ICE approached him outside his residence. *Id.* Officers identified themselves and notified the Petitioner that he was under arrest. *Id.* When officers attempted to handcuff the Petitioner, he physically resisted by locking up his arms, making fists with his hands, and tucking his hands into his abdomen. *Id.*

The Petitioner is detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts, where he has been detained since May 27, 2025. (Chan Decl. ¶ 17). [4]

ICE intends to remove the Petitioner from the United States to a country other than Ecuador. (Chan Decl. ¶ 18). On June 15, 2025, ICE issued Form I-241, Request for Acceptance of Alien, thereby making third country removal applications to Guatemala, El Salvador, and Colombia. (Chan Decl. ¶ 18). ERO, upon confirmation of an accepting third country, will provide the Petitioner and his counsel with notice and a meaningful opportunity to express a fear of returning to the third country. (Chan Decl. ¶ 19).

### B. Procedural History

Petitioner filed this Petition on June 4, 2025. (ECF Doc. 1). Petitioner asserts that he is currently under arrest and detained by federal agents in violation of his constitutional right to due process of law. (ECF Doc. 1, page 3). He requests that the Court order that he not be transferred outside of the District of Massachusetts, and that the Court release him immediately. *Id.*

On June 4, 2025, the Court issued an Emergency Order Concerning Stay of Transfer or

---

[4] Petitioner's counsel notes that Petitioner was transferred from this jurisdiction to a facility in Mississippi on Thursday, June 5, 2025 at 9:13 pm. (ECF Doc. 5, page 2). However based on ICE records, the Petitioner has been detained at the Plymouth County Correctional Facility since May 27, 2025. (Chan Decl. ¶ 17).

Removal, directing that Petitioner not be removed or transferred to a judicial district outside that of Massachusetts for at least 48 hours.  (ECF Doc. 2).

On June 5, 2025, this Court issued an Order Concerning Service of Petition and Further Stay of Transfer or Removal, directing Respondents to respond to the Petition by June 16, 2025, (ECF Doc. 4 ¶ 2), and directing that Petitioner not be moved out of the district for a period of at least 72 hours after the government had provided written advance notice of the intended move. (ECF Doc. 4 ¶ 4(a)).

## ARGUMENT

ICE's detention of Petitioner is authorized by statute and regulation and does not offend the Constitution.  Additionally, this Court lacks jurisdiction to interfere with ICE's effectuation of Petitioner's removal order.  As such, this Court must deny the Petition.

### A. **Petitioner is Lawfully Detained Pursuant to 8 U.S.C. § 1231**

ICE's detention authority stems from 8 U.S.C. § 1231 which provides for the detention and removal of aliens with final orders of removal.  Section 1231(a)(1)(A) directs immigration authorities to remove an individual with a final order of removal within a period of 90 days—this is known as the "removal period."  During the removal period, § 1231(a)(2) requires that ICE "shall detain" the final order alien.  If, however, the removal period has expired, ICE can either release an individual pursuant to an Order of Supervision as directed by Section 1231(a)(3) or may continue detention under Section 1231(a)(6). Per Section 1231(a)(6), ICE may continue detention beyond the removal period for three categories of individuals:

- Those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182;
- Those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or

6

- Those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal."

Because Petitioner's prior order of removal was final in 2021, Petitioner is now outside of the 90-day removal period during which the government "shall detain" the individual. 8 U.S.C. § 1231(a)(2). However, 8 U.S.C. § 1231(a)(6) allows ICE to detain Petitioner because he is inadmissible under section 1182. As such, ICE has statutory authority to detain Petitioner to effectuate his removal order from the United States and he is not entitled to a bond hearing or release as Section 1231(a)(6) does not contemplate such process.

The Supreme Court, in *Johnson v. Arteaga-Martinez*, answered the question of "whether the text of § 1231(a)(6) requires the Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." 596 U.S. 573, 574 (2022). The Court answered that question definitively, holding that Section 1231(a)(6)'s plain text, which "says nothing about bond hearings before immigration judges or burdens of proof" … "directs that we answer this question in the negative." *Id.* at 581.

As such, Petitioner's claim that he is entitled to release is foreclosed by statute and Supreme Court precedent.

B. **Petitioner's Statutorily Authorized Detention is Constitutional.**

Petitioner's claim that his detention violates due process is similarly without merit as his detention comports with the framework set forth by the Supreme Court in *Zadvydas* through which a due process challenge to post-final order detention must be analyzed. Petitioner does not face indefinite detention and removed from the United States.

As recognized by the Supreme Court, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523

7

(2003). When evaluating "reasonableness" of detention, the touchstone is whether an alien's detention continues to serve "the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. And here, it does.

To set forth a Constitutional violation for Section 1231 detention, an individual must satisfy the *Zadvydas* test. *See Jimenez v. Cronen,* 317 F. Supp. 3d 626, 634 (D. Mass. 2018) (Explaining that "*Zadvydas* addressed the substantive due process component of the Fifth Amendment. The Supreme Court held, in effect, that an alien's right to substantive due process could be violated by prolonged detention even if the alien's right to procedural due process had been satisfied."); *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (Explaining that "*Zadvydas*, largely, if not entirely forecloses due process challenges to § 1231 detention apart from the framework it established."); *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) (The *Zadvydas* "test articulates the outer bounds of the Government's ability to detain aliens … without jeopardizing their due process rights.").

In *Zadvydas*, the Supreme Court held that the government cannot detain an alien "indefinitely" beyond the 90-day removal period. 533 U.S. at 682. The Supreme Court "read an implicit limitation into the statute … in light of the Constitution's demands" and held that Section 1231(a)(6), "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The *Zadvydas* Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. Beyond six months, the Supreme Court explained, an individual could file a habeas petition seeking release. *Id.* at 700-01. In such petition, the individual must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701. If the individual does so, the burden would then shift to the government to

8

produce "evidence sufficient to rebut that showing." *Id.*

Petitioner's Due Process challenge fails under his present circumstances. Petitioner alleges that his constitutional rights were violated because ICE agents detained him without a warrant and prior to initiating any removal proceedings. Petitioner is mistaken, however.

Petitioner is subject to a final order of removal as of September 27, 2021. The initial basis for his entry into removal proceedings in 2011 was lack of valid documentation for admissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Chan Decl. ¶¶ 10-11). He was subsequently detained by ICE for his criminal activity. (Chan Decl. ¶¶ 12). Petitioner was released on parole on August 30, 2021. (Chan Decl. ¶¶ 13). On September 27, 2021, an immigration judge ordered Petitioner removed from the United States to Ecuador but granted the Petitioner's application for withholding of removal under the Immigration and Nationality Act. (Chan Decl. ¶¶ 14).

Subsequently, ICE learned about Petitioner's additional criminal history including:

- On or about October 7, 2022, the Petitioner was convicted in the Milford District Court in Milford, Massachusetts of Operating Under the Influence, Second Offense, as well as Leaving the Scene of Property Damage.

- On or about March 3, 2022, the Petitioner was arraigned in the Framingham District Court in Framingham, Massachusetts for the offense of Operating After Suspension.

- On or about February 10, 2023, the Petitioner was arraigned in the Milford District Court in Milford, Massachusetts for the offense of Assault and Battery on a Family or Household Member. It was alleged that the Petitioner struck his wife several times in the face. Responding officers observed streaks of blood across her face along with blood splattered on the kitchen, bathroom, and rear exit of their residence. This charge was later dismissed.

(Chan Decl. ¶ 15).

When ICE arrested the Petitioner without a warrant on May 26, 2025, it did so in the

exercise of its statutory authority under 8 U.S.C. § 1357(a)(2) (empowering immigration officers to arrest any alien without a warrant, where the officer has reason to believe that the alien is in the United States in violation of any law or regulation regulating the admission, exclusion or removal of aliens; and where the officer believes the alien is likely to escape before a warrant can be obtained for his arrest). In this case, Petitioner attempted to flee as ICE approached him outside his residence. (Chan Decl. ¶ 16). Officers identified themselves and notified the Petitioner that he was under arrest. *Id.* When officers attempted to handcuff the Petitioner, he physically resisted by locking up his arms, making fists with his hands, and tucking his hands into his abdomen. *Id.*

Additionally, Petitioner's due process claim fails because any *Zadvydas* challenge cannot be raised until Petitioner has been detained for six-months in post-final order custody and he has been detained for less than one month. *See Rodriguez-Guardado,* 271 F. Supp. 3d at 335 ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process."); *Julce v. Smith*, No. CV 18-10163-FDS, 2018 WL 1083734, at *5 (D. Mass. Feb. 27, 2018) (Habeas petition deemed "premature at best" as it was filed after three months of post-final order detention); *Farah v. U.S. Att'y Gen.,* 12 F.4th 1312, 1332–33 (11th Cir. 2021) (Explaining that "[i]f after six months he is still in custody and has not been removed from the United States, then he can challenge his detention under section 1231(a). But until then, his detention is presumptively reasonable under *Zadvydas*).

Finally, Petitioner does not face indefinite detention. On June 15, 2025, ICE issued Form I-241, Request for Acceptance of Alien, thereby making third country removal applications to Guatemala, El Salvador, and Colombia. (Chan Decl. ¶ 18). Once ERO receives confirmation

of an accepting third country, Petitioner and his counsel will be given notice and a meaningful opportunity to express a fear of returning to the third country. (Chan Decl. ¶ 19).

Petitioner's detention is fully permissible and does not violate due process, and therefore his claim for release must be rejected.

## CONCLUSION

For the above reasons, Petitioner's assertion of unlawful detention in violation of statute, regulation, and the Constitution fails. As such, this Court should deny his request for release.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: June 23, 2025          By:   */s/ Shawna Yen*
                                    Shawna Yen
                                    Assistant U.S. Attorney
                                    U.S. Attorney's Office
                                    John J. Moakley U.S. Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA  02210
                                    Tel.: 617-748-3100
                                    Email: Shawna.Yen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  June 23, 2025          By:   */s/ Shawna Yen*
                                     SHAWNA YEN
                                     Assistant United States Attorney

11

Case 1:25-cv-11625-RGS    Document 9    Filed 06/23/25    Page 12 of 12